### No. 93

SCHONSBERGER v. YOUNGSTOWN (City)

Ohio Appeals, 7th Dist., Mahoning Co.

No.　　Decided Oct. 2, 1924

333. CRIMINAL LAW—1. Conviction for being suspicious person sustained by proof that accused came to make money by "criminal means and practices."

2. Imprisonment held not correct punishment for first offense as suspicious person.

FARR, J.

Epitomized Opinion

Published only in Ohio Law Abstract

Schonsberger was arrested in February 1922 and was charged in Youngstown municipal court with being a suspicious person in violation of an ordinance. The accused was found guilty and fined $25 and imprisoned for 30 days. Schonsberger was arrested in front of a hotel, as he was about to leave Youngstown. Error was prosecuted to common pleas. In affirming the judgment, the court of appeals held:

1. That the judgment was not manifestly against the weight of the evidence, as no misconduct on the part of the court was pointed out and it cannot be said that any error was committed in this respect.

Attorneys—D. F. Rendinell, for Lambeff; H. H. Hull, for State; all of Youngstown.

### No. 94

GINDER, Treas. v. AETNA CAS. & SUR. CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1259.　Decided Sept. 27, 1924

1157. TAXES—Treasurer can collect taxes which were listed in 1919 and, by reason of injunction obtained by taxpayer, were not relisted until 1922.

ALLREAD, J.

Epitomized Opinion

Published only in Ohio Law Abstract

Action by County Treasurer to recover taxes upon bonds which were listed upon the duplicate of the county for the years 1916, 1917 and 1918. The defense is that the Auditor failed to list the taxes after 1919 until January 1923, when the taxes were placed on the delinquent personal duplicate of 1922. In 1919 the defendant had obtained an injunction against the Auditor and Treasurer from listing or collecting any of the taxes in question. This injunction remained in effect until 1922, when the Supreme Court held the property taxable and dissolved the injunction. The trial court

acknowledged the theory of the defendant and dismissed the petition. On error the Appeals Court held:

1. The effect of the injunction was to prevent the Auditor from listing or relisting the property in any of the years from 1919 to 1922.

2. The taxpayer, having invoked the delay by means of the injunction has no just or equitable right to take advantage of the fact that the tax list was made in the year 1919 and not carried forward until 1922. He is estopped from raising the question.

Attorneys—John R. King, for Ginder; F. R. Hoover, for Surety Company; both of Columbus.

### No. 95

BONSANGUE v. DOWELL

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 4925.　Decided March 3, 1924

Middleton, P. J., Sayre, and Mauck, 4th Dist., sitting.

1235. VERDICT—Return of, fostered by proper instructions of trial court, not disturbed.

BY THE COURT.

Epitomized Opinion

Published only in Ohio Law Abstract

Bonsangue argued that a machine driven by Dowell hurled him 25 feet, after which Dowell went 150 feet before machine stopped.

Court of Appeals held that merit might be found in contention that verdict was against the weight of evidence, if such testimony was not sharply controverted by Dowell in the trial court. Instruction of that court were sound; if additional instruction were proper and desired it was necessary for party desiring them to so request trial judge. Judgment against Bonsangue was affirmed.

Attorneys—J. V. Zottarelli, for Bonsangue; H. F. Glick, for Dowell, both of Cleveland.